STATE OF MAINE
Cumberland, ss



SUPERIOR COURT
Civil Action
Docket No. AP-05-015

CUM-TED-8/28/06

ROBERT C. HAINS,
      Appellant / Plaintiff

v.

CITY OF PORTLAND,

      Defendants

**DECISION AND JUDGMENT ON APPEAL**
(M.R.Civ.P. 80B)

## I. NATURE OF ACTION

Petitioner, Robert Hains appeals a decision by the City of Portland Planning Board denying his application for minor site plan review

## II. FACTS

Petitioner Robert Hains owns 19 lots of undeveloped land fronting Murray Street, an improved city-accepted public way in Portland. Hains owns an additional 4 lots of undeveloped, "back land" fronting Rosedale and Dudley Streets; both Rosedale and Dudley Streets are undeveloped, non-vacated, legally platted paper streets located immediately south of Murray Street.[1] The petitioner intends to acquire more lots contained in the back land, apparently to facilitate a future building development plan.

---

[1] There seems to be some discrepancies whether the City vacated Dudley and Rosedale Streets. The staff report to the planning board indicates that Dudley road is non-vacated, whereas at least one *survey* map shows Dudley Street as vacated. R. at 78, 98. Furthermore, a City of Portland street vacation list, dated September 3, 1997, states that the two streets continue, R. at 56, whereas civil engineers *hired* by the petitioner claim the City vacated Dudley and Rosedale Streets. R. at 65-66, 68. Finally, the Planning and Development Director for the City of Portland informed the Maine Department of Environmental Protection that "contrary to the assertion of [Hains], the pertinent portion of Rosedale Street . . . has not been vacated and the City retains its right of incipient dedication in that street."

On March 26, 2004, the petitioner submitted a minor site plan application to the City of Portland Planning Department for review and approval of a 24'[2] wide driveway to provide access to his Rosedale and Dudley Street properties via the Murray Street property.[3] The petitioner submitted the application because the project requires filling within a stream protection zone and general alteration of Fall Brook, a drainage course or swale. Before Hains could file his minor site application, however, the Maine Department of Environmental Protection ("DEP") had to approve filling the wetland to construct the driveway. Following two requests from the DEP about the purpose of the driveway, petitioner finally submitted a plan showing a driveway servicing three housing units. In addition, during the DEP application process, the petitioner represented that although he "has not formally proposed a development program to the City of Portland[,] it is his intent to do so upon receipt of the DEP . . . approval." The DEP granted the petitioner's application.

After receiving the DEP permit, the petitioner filed his minor site application, as previously indicated. On April 20, 2004, a planner in the City of Portland Planning and Development Department ("the staff") issued the petitioner an incompleteness letter regarding Hains' March 20, 2004 minor site application. In response, Hains submitted a general project narrative and an additional plan sheet encompassing the entire site. The project narrative indicated that, among other things, the only other way the petitioner could access the property would be to construct a street, costing approximately $250,000.00. The petitioner also declined to provide his development intentions, merely

---

[2] Petitioner's plan started out as a 22' wide driveway, but after working with the City in an attempt to be granted the requisite permit, the Petitioner increased the size.

[3] In English, this means that the petitioner wants to build a "driveway" from Murray Street to his property, which would cross Rosedale Street. See my nifty highlighted sketch.

stating that if further development were to occur, he would return to the Planning Department.

Although the additional materials Hains submitted did not complete his application, the information provided the staff with enough information to evaluate his application. On July 1, 2004, the staff denied the petitioner's minor site application based on inconsistency with the Site Plan ordinance and the City's Technical Design Guidelines. According to the Technical Standards, a driveway serving one or two family residences is limited to a maximum width of 20 feet. A driveway serving multi-unit project has a minimum width of 20 feet if one-way or 24 feet if allowing two-way traffic. Furthermore, the staff found that Hains could access his property over unbuilt paper streets; that the adequacy of the driveway design could not be determined because the driveway is intended to serve an unspecified residential development; and that the application is inconsistent with standards for development adjacent to wetlands because it does not propose a one hundred foot buffer strip between the access drive and nearby Fall Brook.

The petitioner appealed the staff's decision to the Planning Board. The Planning Board held its public hearing on Hains' application.[4] After reviewing the record de novo, the Planning Board voted 2-4 to deny the application. The Planning Board sent the petitioner a letter indicating that it denied the application because it found the project "noncompliant with sections III(2) and XI(3)(C)(a) of the City's Technical and Design Standards and the site plan standards of City Code § 14-526. The petitioner filed his timely appeal to the Superior Court.

---

[4] Between the Staff's denial and the Planning Board's hearing, Hains revised his site plan to comply with the Planning Board Report provided to the petitioner and the Planning Board in advance of the hearing. Staff submitted the Planning Board Report on October 22, 2004; Hains provided the Staff with his revised site plan on January 18, 2005. Hains complains about the extra time and expense the additional work cost him, but this is not the proper criteria for a decision by the Board or the court.

# III. DISCUSSION

## A. Standard of Review

When a Planning Board "acts as the tribunal of original jurisdiction as both fact finder and decision maker, [the court] review[s] its decision directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Brackett v. Town of Rangeley*, 2003 ME 109, ¶ 15, 831 A.2d 422, 427. In reviewing the Planning Board's decision, this court "is not free to make findings of fact independently of those found by the municipal zoning authority. It may not substitute its judgment for that of the municipal body." *Mack v. Municipal Officers of Cape Elizabeth*, 463 A.2d 717, 719-20 (Me. 1983). *See also Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 17, 868 A.2d 161, 166. Finally, in a Rule 80B action, the burden of persuasion rests with the party seeking to overturn the local decision. *Mack*, 463 A.2d at 720.

## B. Technical Standards

Technical Standard III(2) contains subsections (A), which deals with multi-family (3 or more units) driveway design and subsection (B) which addresses single and two-family driveway design. Technical Standard III(2)(A)(b) requires a minimum driveway width for a two-way driveway to be 24' wide. When the petitioner increased the size of the driveway in response to the Planning Board's Report, he did so to comply with III(2)(A)(b) R. at 262. Hains applied, however, for a driveway to service no more than two units and maintains that the driveway will service no more than two homes. If this is true, then Hains' 24' wide driveway violates Standard III(2)(B)(a) because that subsection limits the driveway width to 20'. It is wholly unclear upon which subsection of the Standard the Planning Board relied. The deliberations do not resolve this problem, either. As a result, the court cannot rely on the Planning Board's conclusion

that the application violated Technical Standard III(2) because it is unclear how the Planning Board classified the driveway.

Technical Standard XI applies to "*all* projects which may impact wetlands [that] are classified as a river, stream or brook . . ." (emphasis added). There is no question that the petitioner's driveway, whether it services a single- or multi-unit project impacts a classified brook, Fall Brook. As such, Technical Standard XI(3)(C)(A) provides:

> For developments located adjacent to perennial streams, a minimum one hundred (100) foot buffer strip on either side of the stream should be maintained. For intermittent streams, the buffer strip may be reduced to twenty-five (25) feet.

The buffer proposed by the petitioner fills to within 25' of Fall Brook, indicating an intermittent stream. Nonetheless, substantial evidence in the record supports the Planning Board's determination that Fall Brook constitutes a perennial stream. The record indicates that the Army Corp of Engineers classifies Fall Brook as a perennial stream as does the United States Geological Survey. R. at 105, 187. Additionally, the DEP lists the stream as perennial. R. at 187, 442.

The petitioner, however, argues that the three agencies incorrectly classify Fall Brook as perennial because *his* engineers classify it as intermittent. This argument is unpersuasive. Hains hired *his* engineers to support *his* application, and as a result, cannot be relied upon as a final authority on the matter. The court does not necessarily value a private corporation's assessment over three independent agency determinations. That is an assessment for the Board unless their decision is deemed clearly erroneous. Furthermore, the petitioner argues that the DEP approved filing within the 100-foot buffer, demonstrating that the DEP does not consider the stream perennial. Hains' argument ignores that the City of Portland developed the 100-foot

buffer standard and in cases where State and Local rule conflict "the more stringent rules will apply." R. at 352.

Finally, the petitioner argues that the language of Technical Standard XI(3)(C)(a) clearly demonstrates that the Planning Board has discretion in applying this section. Although it does appear that the language allows the Planning Board discretion, the court reviews this issue for errors of law. It was within the Planning Board's legal authority to require a 100-foot buffer.

Because substantial evidence supports the Planning Board's decision the petitioner's application violates Technical Standard XI(3)(C)(a), the court need not address whether the record supports the Planning Board's final reason for denying the petitioner's application.

## IV. DECISION AND JUDGMENT

The clerk shall make the following entry on the docket as the Decision and Judgment of the court:

A. The Decision of the City of Portland Planning Board is affirmed.

B. Judgment is entered for the respondent City of Portland.

SO ORDERED.

Dated: August 28, 2006

Thomas E. Delahanty II
Justice, Superior Court

Date Filed _03/24/05_ ___CUMBERLAND___ Docket No._AP-05-15_____
                                County

Action _80B APPEAL_____

ROBERT C. HAINS                         THE CITY OF PORTLAND


                                                    vs.

| Plaintiff's Attorney  BRIAN WILLINGS, ESQ. | Defendant's Attorney |
| RONALD WARD, ESQ. | PENNY LITTELL, ESQ. |
| AMANDA A. MEADER, ESQ. withdrawn | 389 CONGRESS STREET |
| 245 COMMERCIAL STREET | PORTLAND, MAINE  04101 |
| PO BOX 9781 | 874-8480 |
| PORTLAND, ME 04104-5081 | |
| 772-1941 | |

| Date of Entry | |
|---|---|
| 2005 March 24 | Received on 03/24/05: Complaint for Review of Governmental Action to Superior Court filed. |
| Mar. 25 | On 3-25-05. Briefing schedule mailed.  Plaintiff's brief due 5-3-05. |
| March 31 | Received 3-31-05. Acceptance of Service filed showing return of service on 3-29-05 upon Defendant City of Portland to Penny Littell, Esq. |
| April 6 | Received 4-6-05. Copy of Acceptance of Service filed showing return of service on 3-29-05 upon Defendant City of Portland to Penny Littell, Esq. filed. |
| April 8, | Received 4-8-04 Defendant's Answer to Plaintiff's Complaint for Review of Govermental Action Pursuant to Rule 80B. (LH) |
| Apr. 28 | Received 04-28-05: Consented-to Motion for Enlargement of Time to File 80B Brief And Record filed. |
| May 3 | On 05-03-05: As to Consented-to Motion for Enlargement of Time to File 80B Brief and Record: (Delahanty, J.). The Court, Having reviewed the Plaintiff's Consented-To Motion for Enlargement if Time to file the 80B Brief and Reocrd, hereby grants the motion . The deadline for Plaintiff to file the Rule 80B Brief and Record is enlarged until May 19, 2005. At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a). On 05-03-05 Copies mailed to Ronald Ward, Amanda A. Meader and Penny Littell, Esq. |

| Date of Entry | |
|---|---|
| 2005<br>May 17 | Received 05-17-05:<br>Plaintiff, Robert C. Hains Second consented to Motion for Enlargement of Time to File Rule 80B Brief and Record filed. |
| May 20 | On 05-19-05:<br>As to Plaintiff's Second Consented-To Motion for Enlargement of Time to File 80B Brief and Record; (Delahanty, J.)<br>The Court hereby grants the motion. The deadline for Plaintiff to file the Rule 80B Brief and Record is enlarged until June 13, 2005.<br>On 05-20-05 Copies mailed to Penny Littell, Ronald Ward and Amanda A. Meader, Esq. |
| June 13<br>"" | Received 6-13-05.<br>Plaintiff's Rule 80B Brief filed.<br>Rule 80B Record filed. |
| July 11 | Received 07-11-05:<br>Defendant, City of Portland Rule 80B Reply Brief filed. |
| July 25 | Received 07-25-05.<br>Plaintiff's 80B Reply Brief filed. |
| 2006<br>Jan. 25<br>"" | Received 1-25-06.<br>Notice of Withdrawal of Amanda Meader Esq obo Plaintiff filed.<br>On 1-25-06.<br>Notified Amanda Meader Esq that she cannot be removed from docket without appearance of Brian Willing, Esq. |
| Jan. 27<br>"   " | Received 01-25-06:<br>Consented-To Motion to Continue Rule 80B Hearing filed.<br>Entry of Appearance of Brian Willing, Esq. as counsel for Plaintiff, Robert C. Hains filed. |
| Jan. 30 | On 01-30-06:<br>Order filed. (Delahanty, J.).<br>Upon consideration of Plaintiffs' Motion to Continue Rule 80B Hearing, such motion is hereby GRANTED. This matter shall be continued and rescheduled for Justice Delahanty's next civil motion list.<br>On 01-30-06 copies mailed to Brian Willings, Ronald Ward and Penny Littell, Esqs. |
| June 28 | On 06-28-06:<br>Hearing Held on 80B appeal.<br>Court takes matter under advisement.<br>Justice Thomas Delahanty presiding.<br>No record Made. |
| Aug. 30 | Received 08-29-06:<br>Decision and Judgment on Appeal: (Delahanty, J.).<br>The clerk shall make the following entry on the docket as the Decision and Judgment of the court: A. The Decision of the City of Portland Planning Board is affirmed. B. Judgment is entered for the respondent City of Portland. SO ORDERED. |

Docket No. AP-05-15

| Date of Entry | |
|---|---|
| | Docket No. AP-05-15 |
| 2006 Aug. 30 | continued from previous page..................... On 08-30-06 copies mailed to Brian Williams, Esq. and Penny Littell, Esq. Ms. Deborah Firestone, Goss Mimeograph The Donald Garbrecht Law Library and Loislaw.com, Inc. |

STATE OF MAINE
Cumberland, ss

SUPERIOR COURT
Civil Action
Docket No. AP-05-015

ROBERT C. HAINS,
     Appellant / Plaintiff

v.

CITY OF PORTLAND,

     Defendants

**ORDER**

The Decision and Judgment in this matter, dated August 28, 2006 is withdrawn

and vacated. The Decision and Judgment dated September 15, 2006, filed

simultaneously with this Order is substituted therefore.

     SO ORDERED.

Dated: September 15, 2006

                             Thomas E. Delahanty II
                             Justice, Superior Court

STATE OF MAINE
Cumberland, ss



SUPERIOR COURT
Civil Action
Docket No. AP-05-015
32

ROBERT C. HAINS,
     Appellant / Plaintiff

v.

**DECISION AND JUDGMENT ON APPEAL**
(M.R.Civ.P. 80B)

CITY OF PORTLAND,

     Defendants

## I. NATURE OF ACTION

Petitioner, Robert Hains appeals a decision by the City of Portland Planning Board denying his application for minor site plan review

## II. FACTS

Petitioner Robert Hains owns 19 lots of undeveloped land fronting Murray Street, an improved city-accepted public way in Portland. Hains owns an additional 4 lots of undeveloped "back land" fronting Rosedale and Dudley Streets; both Rosedale and Dudley Streets are undeveloped, non-vacated, legally platted paper streets located immediately south of Murray Street.[1] The petitioner intends to acquire more lots contained in the back land, apparently to facilitate a future building development plan.

---

[1] There seems to be some discrepancies whether the City vacated Dudley and Rosedale Streets. The staff report to the planning board indicates that Dudley road is non-vacated, whereas at least one *survey* map shows Dudley Street as vacated. R. at 78, 98. Furthermore, a City of Portland street vacation list, dated September 3, 1997, states that the two streets continue, R. at 56, whereas civil engineers *hired* by the petitioner claim the City vacated Dudley and Rosedale Streets. R. at 65-66, 68. Finally, the Planning and Development Director for the City of Portland informed the Maine Department of Environmental Protection that "contrary to the assertion of [Hains], the pertinent portion of Rosedale Street . . . has not been vacated and the City retains its right of incipient dedication in that street."

On March 26, 2004, the petitioner submitted a minor site plan application to the City of Portland Planning Department for review and approval of a 24'[2] wide driveway to provide access to his Rosedale and Dudley Street properties via the Murray Street property. The petitioner submitted the application because the project requires filling within a stream protection zone and general alteration of Fall Brook, a drainage course or swale. Before Hains could file his minor site application, however, the Maine Department of Environmental Protection ("DEP") had to approve filling the wetland to construct the driveway. Following two requests from the DEP about the purpose of the driveway, petitioner submitted a plan showing a driveway servicing three housing units. In addition, during the DEP application process, the petitioner represented that although he "has not formally proposed a development program to the City of Portland[,] it is his intent to do so upon receipt of the DEP . . . approval." The DEP granted the petitioner's application.

After receiving the DEP permit, the petitioner filed his minor site application, as previously indicated. On April 20, 2004, a planner in the City of Portland Planning and Development Department ("the staff") issued the petitioner an incompleteness letter regarding Hains' March 20, 2004 minor site application. In response, Hains submitted a general project narrative and an additional plan sheet encompassing the entire site. The project narrative indicated that, among other things, the only other way the petitioner could access the property would be to construct a street, costing approximately $250,000.00. The petitioner also declined to provide his development intentions, merely stating that if further development were to occur, he would return to the Planning Department.

---

[2] Petitioner's plan started out as a 22' wide driveway, but after working with the city in an attempt to be granted the requisite permit, the petitioner increased the size.

Although the additional materials Hains submitted did not complete his application, the information provided the staff with enough information to evaluate his application. On July 1, 2004, the staff denied the petitioner's minor site application based on inconsistency with the Site Plan ordinance and the City's Technical Design Guidelines. According to the Technical Standards, a driveway serving one or two family residences is limited to a maximum width of 20 feet. A driveway serving multi-unit project has a minimum width of 20 feet if one-way or 24 feet if allowing two-way traffic. Furthermore, the staff found that Hains could access his property over unbuilt paper streets; that the adequacy of the driveway design could not be determined because the driveway is intended to serve an unspecified residential development; and that the application is inconsistent with standards for development adjacent to wetlands because it does not propose a one hundred foot buffer strip between the access drive and nearby Fall Brook.

The petitioner appealed the staff's decision to the Planning Board. The Planning Board held its public hearing on Hains' application.[3] After reviewing the record de novo, the Planning Board voted 2-4 to deny the application. The Planning Board sent the petitioner a letter indicating that it denied the application because it found the project "noncompliant with sections III(2) and XI(3)(C)(a) of the City's Technical and Design Standards and the site plan standards of City Code § 14-526. The petitioner filed his timely appeal to the Superior Court.

### III. DISCUSSION

*A. Standard of Review*

---

[3] Between the staff's denial and the Planning Board's hearing, Hains revised his site plan to comply with the Planning Board report provided to the petitioner and the Planning Board in advance of the hearing. Staff submitted the Planning Board report on October 22, 2004; Hains provided the staff with his revised site plan on January 18, 2005. Hains complains about the extra time and expense the additional work cost him, but this is not the proper criteria for a decision by the Board or the court.

When a Planning Board "acts as the tribunal of original jurisdiction as both fact finder and decision maker, [the court] review[s] its decision directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Brackett v. Town of Rangeley*, 2003 ME 109, ¶ 15, 831 A.2d 422, 427. In reviewing the Planning Board's decision, this court "is not free to make findings of fact independently of those found by the municipal zoning authority. It may not substitute its judgment for that of the municipal body." *Mack v. Municipal Officers of Cape Elizabeth*, 463 A.2d 717, 719-20 (Me. 1983). *See also Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 17, 868 A.2d 161, 166. Finally, in a Rule 80B action, the burden of persuasion rests with the party seeking to overturn the local decision. *Mack*, 463 A.2d at 720.

## B. Technical Standards

Technical Standard III(2) contains subsections (A), which deals with multi-family (3 or more units) driveway design and subsection (B) which addresses single and two-family driveway design. Technical Standard III(2)(A)(b) requires a minimum driveway width for a two-way driveway to be 24' wide. When the petitioner increased the size of the driveway in response to the Planning Board's Report, he did so to comply with III(2)(A)(b) R. at 262. Hains applied, however, for a driveway to service no more than two units and maintains that the driveway will service no more than two homes. If this is true, then Hains' 24' wide driveway violates Standard III(2)(B)(a) because that subsection limits the driveway width to 20'. It is wholly unclear upon which subsection of the Standard the Planning Board relied. The deliberations do not resolve this problem, either. As a result, the court cannot rely on the Planning Board's conclusion that the application violated Technical Standard III(2) because it is unclear how the Planning Board classified the driveway.

Technical Standard XI applies to *"all* projects which may impact wetlands [that] are classified as a river, stream or brook . . ." (emphasis added). There is no question that the petitioner's driveway, whether it services a single- or multi-unit project impacts a classified brook, Fall Brook. As such, Technical Standard XI(3)(C)(A) provides:

> For developments located adjacent to perennial streams, a minimum one hundred (100) foot buffer strip on either side of the stream should be maintained. For intermittent streams, the buffer strip may be reduced to twenty-five (25) feet.

The buffer proposed by the petitioner fills to within 25' of Fall Brook, indicating an intermittent stream. Nonetheless, substantial evidence in the record supports the Planning Board's determination that Fall Brook constitutes a perennial stream. The record indicates that the Army Corp of Engineers classifies Fall Brook as a perennial stream as does the United States Geological Survey. R. at 105, 187. Additionally, the DEP lists the stream as perennial. R. at 187, 442.

The petitioner, however, argues that the three agencies incorrectly classify Fall Brook as perennial because *his* engineers classify it as intermittent. This argument is unpersuasive. Hains hired *his* engineers to support *his* application, and as a result, cannot be relied upon as a final authority on the matter. The court is not required to accept or give more weight to privately retained specialists *vis-à-vis* the determination of several separate and distinct agencies. That is an assessment solely within the province of the Board unless their decision is deemed clearly erroneous. Furthermore, the petitioner argues that the DEP approved filling within the 100-foot buffer, demonstrating that the DEP does not consider the stream perennial. Hains' argument ignores that the City of Portland developed the 100-foot buffer standard and in cases where State and Local rule conflict "the more stringent rules will apply." R. at 352.

Finally, the petitioner argues that the language of Technical Standard XI(3)(C)(a) clearly demonstrates that the Planning Board has discretion in applying this section. Although it does appear that the language allows the Planning Board discretion, the court reviews this issue for errors of law. It was within the Planning Board's legal authority to require a 100-foot buffer.

Because substantial evidence supports the Planning Board's decision the petitioner's application violates Technical Standard XI(3)(C)(a), the court need not address whether the record supports the Planning Board's final reason for denying the petitioner's application.

## IV. DECISION AND JUDGMENT

The clerk shall make the following entry on the docket as the Decision and Judgment of the court:

A. The Decision of the City of Portland Planning Board is affirmed.

B. Judgment is entered for the respondent City of Portland.

SO ORDERED.

Dated: September 15, 2006

Thomas E. Delahanty II
Justice, Superior Court